# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00997-SKC-KAS

ESTATE OF DEZAREE NICOLE ARCHULETA, *et al.*,

    Plaintiffs,

v.

WELLPATH, LLC, *et al*,

    Defendants.

---

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE CERTIFICATE OF REVIEW[1]

### 1. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed this lawsuit, including a negligence claim against Wellpath and its officials, after Dezaree Archuleta died by suicide at the El Paso County Criminal Justice Center ("CJC"). [ECF #1]. Over the twenty-three days of her incarceration before her death, Ms. Archuleta's medical file included an astounding sixteen separate incidents of Ms. Archuleta expressing suicidality and multiple other risk factors that would have made it obvious to any lay person that she had a serious and substantial risk of suicide. [ECF #1], ¶¶ 43-88. Even though Ms. Archuleta was crying out for help, Wellpath officials repeatedly removed her from suicide watch. *Id.* Inevitably, Ms. Archuleta died by suicide after being removed from suicide watch by

---

[1] **Certification Regarding Use of Artificial Intelligence Pursuant to Judge Crews' Standing Order for Civil Cases § C (2):** Undersigned counsel certifies that no portion of this Motion was drafted by AI.

1

Wellpath officials. [ECF #1], ¶¶ 84-85.

It was obvious to any layperson at the jail that Ms. Archuleta should have never been taken off of suicide watch, and multiple CJC guards stated after her death (during an official investigation) that it was clear to them that Ms. Archuleta should have never been removed from suicide watch. [ECF #1], ¶¶ 69, 89-90. It was obvious to even the inmates at the CJC that Ms. Archuleta should never have been removed from suicide watch. [ECF #1], ¶ 91. And, it would not take an expert to conclude that removing Ms. Archuleta from suicide watch and placing her into a cell that Wellpath officials knew was a suicide risk (because of metal grating that had been used by other inmates to commit suicide) was negligent. [ECF #1], ¶ 85. Because of the obviousness of Defendants' conduct, Plaintiffs brought claims against Wellpath and its officials not only for negligence, but also for deliberate indifference under the federal Constitution (a more stringent standard of liability). [ECF #1], ¶¶ 194-233.

After filing their lawsuit, Plaintiffs chose not to file a certificate of review under C.R.S. § 13-20-602 because they did not believe a certificate was necessary given that the negligence of Defendants was obvious to a layperson and, therefore, an expert was not *required* to prove their claims. *See* [ECF #21]. Immediately after Defendants informed Plaintiffs of their intention to file a motion to dismiss based, in part, on an alleged failure to file a certificate of review, Plaintiffs moved this Court for leave to file a certificate of review (along with an accompanying certificate of review) so as to avoid unnecessary litigation. [ECF #21]. Plaintiffs filed the motion, and accompanying certificate of review, four business days after the expiration of the

2

sixty-day deadline from service of the Complaint outlined in C.R.S. § 13-20-602. *Id.* Unfortunately, Plaintiffs' motion for leave did not obviate the need for briefing as Defendants opposed the motion for leave and filed a motion to dismiss based on C.R.S. § 13-20-602. *See* [ECF #31]; [ECF #22].

Defendants' opposition to this motion for leave and their motion to dismiss based on C.R.S. § 13-20-602 wholly lacks merit. Under the caselaw of this District and Circuit, Plaintiffs were not required to file a certificate of review because expert testimony was not *required* to establish a prima facie case that Defendants were negligent. Further, should this Court determine that a certificate of review was necessary, Plaintiffs can show good cause for failing to file within the deadline given their belief that a certificate was not necessary along with the obvious merit of their claim. For these reasons, as outlined more fulsomely below, this Court should grant Plaintiffs leave to file a certificate of review.

2. **LEGAL STANDARD**

If a certificate is not timely filed and a defendant believes expert testimony will be *required* to establish a prima facie case of negligence against them, a defendant may then move to require the plaintiff to file a certificate or to dismiss. *See* C.R.S. §§ 13-20-602(2), 13-20-602(4); *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992). When a defendant has moved to dismiss on the basis of C.R.S. § 13-20-602, the plaintiff may either "demonstrate that no expert testimony is required" or "that good cause exists for [her] failure to comply with the time requirements of [§ 13-20-602(1)]." *Martinez*, 842 P.2d at 251.

2. **ARGUMENT**

3

2.1 **Plaintiffs were not required to file a certificate of review pursuant to C.R.S. 13-20-602.**

"Colorado courts have long held that Colo. Rev. Stat. § 13-20-602 requires a plaintiff to file a certificate of review only for any claim based on allegations of professional negligence *that requires expert testimony to establish a prima facie case.*" *Coleman v. United States*, 803 F. App'x 209, 212 (10th Cir. 2020) (emphasis in original). "Although expert testimony may be necessary in most medical malpractice claims, it is not always required to establish a prima facie case." *Id.* at 213. "[I]f a plaintiff determines that expert testimony is not required, no certificate need be filed." *Id.* at 213.[2]

Here, Plaintiffs determined that expert testimony was not required to establish a prima facie case of negligence because of the obviousness of Defendants' negligence. Deliberately indifferent conduct is obviously negligent. Given that Defendants have not moved to dismiss Plaintiffs' deliberate indifference claims, they seemingly agree that Plaintiffs have alleged deliberate indifference. *See* [ECF #22]. Colo. Rev. Stat. § 13-20-602 requires certificates of review to avoid unnecessary time and costs in defending professional negligence claims and to weed out frivolous claims at an early stage of the judicial process. *See Yadon v. Southward*, 64 P.3d 909 (Colo. App. 2002); *Canada v. United States*, 08-CV-00303CMAKMT, 2009 WL 4810690, at *1 (D. Colo. Dec. 11, 2009). That purpose is clearly not served in cases where a plaintiff alleges not just negligence, but deliberate indifference.

---

[2] It is reversible error for a District Court to dismiss a case pursuant to C.R.S. § 13-20-602 without first determining whether an expert is required to establish a prima facie case of negligence. *Coleman*, 803 F. App'x at 209, 212-14.

4

Further, caselaw holds that negligence cases (including medical negligence cases) that do not "involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience" do not require expert testimony. *See Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990); *see also Morales v. Rattan*, Civil Action No. 17-cv-03009-PAB-KLM, 2019 U.S. Dist. LEXIS 23481, at *5 (D. Colo. Feb. 13, 2019). Here, the factual allegations of Plaintiffs' negligence claims are sufficiently straightforward that expert testimony is not *required* to substantiate them. For example, in *Williams*, Judge Wang found that a Colo. Rev. Stat. § 13-20-602 did not require the filing of a certificate of review where the plaintiff's negligence claims premised on: (1) doctor continued prescribing the plaintiff addictive medications despite it being "obvious" that the plaintiff had opiate use disorder and, separately, (2) a doctor's failure to disclose material information to the plaintiff about her treatment plan. *Williams*, 2024 U.S. Dist. LEXIS 46622, at *21-22. In this case, Defendants were presented with a person who was actively experiencing suicidal thoughts, told Defendants that she was suicidal, asked for medication to treat her depression and suicidality, and engaged in multiple acts of self-harm in the days leading up to her suicide. [ECF #1], ¶¶ 43-88. Further, it was obvious to multiple lay officials (including guards at the El Paso County Criminal Justice Center and inmates within the CJC) that Ms. Archuleta should have been on suicide watch, and they stated as much in the days leading up to her suicide and afterwards. *Id.*, ¶¶ 68-69, 89-91. Despite this, Defendants made the decision to remove Ms. Archuleta from suicide watch multiple times and placing her into a cell with a known suicide risk, resulting in her engaging in acts of self-harm and, ultimately, committing suicide. *Id.*

5

Plaintiffs' claim for negligent treatment in this case "comes within the class of cases where the opinion of expert witnesses, though helpful, is not indispensable." *Farrah v. Patton*, 99 Colo. 41, 59 P.2d 76, 78 (Colo. 1936); *see Williams*, 2024 U.S. Dist. LEXIS 46622, at *20-24.

Because Plaintiffs were not required to file a certificate of review, Defendants opposition to Plaintiffs motion for leave, which is premised on the fact that Plaintiffs were required to file a certificate of review, is without merit.

## 2.2 **Alternatively, Plaintiffs have demonstrated good cause for the delayed filing of their certificate of review pursuant to C.R.S. § 13-20-602.**

A certificate of review must be filed "within sixty days after the service of the complaint … unless the court determines that a longer period is necessary for good cause shown." Colo. Rev. Stat. § 13-20-602(1)(a). To determine whether good cause exists, the court must consider "(1) whether the neglect causing the late filing was excusable; (2) whether the moving party had alleged a meritorious defense or claim; and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *Yadon,* 64 P.3d at 913.[3]

---

[3] At least one court in this District has held that "*Yadon* is neither the final word on the standards federal courts must follow in applying §13-20-602 in a diversity case, nor does it stand for the Procrustean approach" of rigidly applying the sixty-day filing requirement to bar valid claims. *Fornes v. RJM Homes, Inc.*, Civil Action No. 16-cv-3148-JLK, 2017 U.S. Dist. LEXIS 166535, at *3-5 (D. Colo. May 5, 2017). Specifically, Judge Kane held that trial courts have broad discretion to allow claims to proceed despite the procedural requirements of Colo. Rev. Stat. § 13-20-602 given that "the statute's purpose of weeding out frivolous claims at an 'early' stage of the judicial process isn't implicated" when a plaintiff has alleged a plausible claim of negligence. *Id*. This comports with the consensus of courts that have interpreted

### 2.2.1 **Plaintiffs satisfy the first *Yadon* factor.**

The failure to timely file the certificate of review in this matter is excusable because Plaintiffs genuinely believed that a certificate of review was not required to show a prima facie case of negligence against Defendants. "[A] good faith belief by a plaintiff that the claim(s) can be established without expert testimony can, in some circumstances, constitute good cause for not filing the certificate of review." *Krum v. Chubb Ltd.*, No. 20-CV-03616-RM-GPG, 2022 U.S. Dist. LEXIS 91605, at *9 (D. Colo. Jan. 10, 2022). Particularly, when a plaintiff's "belief that she was not required to file a [] certificate of review is reasonable and understandable" then the failure to do so is excusable. *Corsentino v. Hub Int'l Ins. Servs.*, Civil Action No. 16-cv-01917-RM-STV, 2018 U.S. Dist. LEXIS 13894, at *9 (D. Colo. Jan. 29, 2018); *Williams*, 2024 U.S. Dist. LEXIS 46622, at *24-27; *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 628 (Colo. 1999).

This is particularly true where, as is the case here, there is "legal uncertainty" over whether a "certificate of review was necessary[.]" *Corsentino*, 2018 U.S. Dist. LEXIS 13894, at *9; *Arvada Dev. Group, LLC v. All Envtl., Inc.*, No. 07-cv-01107-MSK-KMT, 2008 U.S. Dist. LEXIS 27002, 2008 WL 927651, at *4 (D. Colo. April 3, 2008). Given recent caselaw on this issue, it was reasonable for Plaintiffs to assume

---

Colo. Rev. Stat. § 13-20-602 and held that "[i]n determining whether good cause exists, the trial court should be guided by the general rule favoring resolution of disputes on their merits." *RMB Sevs., Inc. v. Truhlar,* 151 P.3d 673, 676 (Colo. App. 2006) (citing cases); *Securitynational Mortg. Co. v. Head*, Civil Action No. 13-cv-03020-PAB-BNB, 2015 U.S. Dist. LEXIS 62794, at *7 (D. Colo. May 12, 2015) (recognizing that "the criteria for finding that good cause exists are to be liberally construed in favor of resolution on the merits").

7

that they did not need to file a certificate of review and, therefore, their failure to do so constituted excusable neglect. *See, e.g., Coleman*, 803 F. App'x at 212; *Williams*, 2024 U.S. Dist. LEXIS 46622, at *21-23.[4]

### 2.2.2 **Plaintiffs satisfy the second *Yadon* factor.**

Plaintiffs have a meritorious negligence claim against Defendants. In making this determination, the Court must take all allegations in the Complaint as true and construe them in Plaintiffs' favor. *Securitynational Mortg. Co.*, 2015 U.S. Dist. LEXIS 62794, at *7; *Debuhr v. Hern*, Civil Action No. 15-cv-02613-PAB-MEH, 2016 U.S. Dist. LEXIS 192581, at *5-9 (D. Colo. Sep. 12, 2016). Defendants' conduct, as alleged in Plaintiffs' 233-paragraph Complaint, [ECF #1], was clearly negligent. This is confirmed by Defendants decision not to move to dismiss Plaintiffs' negligence claim against Defendants Mohr, Keaveny, and Wesolowski on substantive grounds. [ECF #22]; *see DeBuhr*, 2016 U.S. Dist. LEXIS 192581, 2016 WL 9738100, at * 3; *Corsentino*, 2018 U.S. Dist. LEXIS 13894, at *9. In fact, Defendants have not even moved to substantively dismiss Plaintiffs' deliberate indifference claim against

---

[4] Additionally, given the timing of Plaintiffs' motion for leave (four business days after the deadline and within a day of Defendants conferring with Plaintiffs about their motion to dismiss), Plaintiffs' failure to do so within the sixty-day window constituted excusable neglect. Courts in similar circumstances have found that similar delays in filing were excusable neglect. *Securitynational Mortg. Co.*, Civil Action 2015 U.S. Dist. LEXIS 62794, at *7 (certificate of review filed four days after the deadline and two days after conferring with defendants); *Debuhr*, 2016 U.S. Dist. LEXIS 192581, at *5-9 (certificate of review filed five days after the deadline); *Fornes*, 2017 U.S. Dist. LEXIS 166535, at *3-5 (certificate of review filed ten days after the deadline); *RMB Servs.*, 151 P.3d at 676 (certificate filed eleven days after the deadline); *King v. Sw. Health Sys., Inc.*, Civil Action No. 23-cv-02260-SKC-NRN, 2024 U.S. Dist. LEXIS 124365, at *15 (D. Colo. June 25, 2024) (certificate filed seventy-four days after the deadline).

8

Defendants Wellpath, Wesolowski, and Keaveny. [ECF #22]. Allowing Plaintiffs' negligence claim "to proceed under the circumstances does not conflict with § 13-20-602's 'obvious purpose': 'prevent[ing] the filing of frivolous cases[.]'" *Williams*, 2024 U.S. Dist. LEXIS 46622, at *24-27 (quoting *Hane By and Through Jabalera v. Tubman*, 899 P.2d 332, 335 (Colo. App. 1995)).

### 2.2.3 **Plaintiffs satisfy the third *Yadon* factor.**

Principles of equity support this Court allowing the out-of-time filing of a certificate of review. Most courts view this factor as "the most compelling" and find that "it is preferable to have the case decided on the merits." *Krum*, 2022 U.S. Dist. LEXIS 91605, at *11-14.[5] That is certainly true in this case as Defendants have not moved to dismiss Plaintiffs' negligence claim on the merits. *See* [ECF #22].

Further, Defendants have not alleged any prejudice from the filing of the certificate of review a few days after the statutory deadline other than having to continue defending the lawsuit against them and it is well-established that "the 'prejudice' which arguably results from having to defend a lawsuit is not deemed to be 'undue' prejudice" for purposes of determining whether there is good cause to extend the deadline to allow for filing of a certificate of review. *Carson v. United*

---

[5] The consensus of authority holds that, if a plaintiff can show a meritorious claim, even when there is no good excuse for missing the deadline to file the certificate of review, then the claim should be allowed to proceed and dismissal is not appropriate. *See Jennings v. A 1 Traffic Control & Barricade, Inc.*, No. 05-cv-1056-LTB-MEH, 2006 U.S. Dist. LEXIS 34021, at *8 (D. Colo. May 15, 2006); *Nat'l Fire Ins. Co. v. Bassett Constr. Co.*, Civil Action No. 08-cv-02793-KMT-MJW, 2009 U.S. Dist. LEXIS 80813, at *8 (D. Colo. Aug. 20, 2009); *Carson*, 2014 U.S. Dist. LEXIS 97885, at *12-16; *Securitynational Mortg. Co.*, 2015 U.S. Dist. LEXIS 62794, at *7; *Debuhr*, 2016 U.S. Dist. LEXIS 192581, at *5-9; *Fornes*, 2017 U.S. Dist. LEXIS 166535, at *3-5; *Hane*, 899 P.2d at 334.

9

*States*, No. 13-cv-02962-CMA-KLM, 2014 U.S. Dist. LEXIS 97883, 2014 WL 3563021, at *6 (D. Colo. July 18, 2014); *Bolsa Res., Inc. v. AGC Res., Inc.*, No. 11-cv-01293-MSK-KMT, 2012 U.S. Dist. LEXIS 57661, 2012 WL 1454023, at *2 (D. Colo. Apr. 25, 2012); *Corsentino*, 2018 U.S. Dist. LEXIS 13894, at *9.

Additionally, the timing of the filing of the certificate of review cannot be said to have prejudiced Defendants' defense of this case given that no depositions have been taken, no trial date has been set, and expert disclosures have not occurred. *See Bolsa Res., Inc.*, 2012 U.S. Dist. LEXIS 57661, at *5-8. There has been no delay caused by Plaintiffs' filing of the certificate of review before any discovery has occurred in this case (and before even a scheduling conference has been held). *Krum*, 2022 U.S. Dist. LEXIS 91605, at *11-14. And even if there were delay, "delay standing alone does not establish prejudice." *Securitynational Mortg. Co.*, 2015 U.S. Dist. LEXIS 62794, at *7.

In short, the law interpreting Colo. Rev. Stat. § 13-20-602 "does not stand for the Procrustean approach advocated" by Defendants. *Fornes*, 2017 U.S. Dist. LEXIS 166535, at *3-5. Because Plaintiffs can show good cause, this Court should deny Defendants' motion to dismiss Plaintiffs' negligence claims based on an alleged failure to timely file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602.

3. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for leave to file a certificate of review pursuant to C.R.S. §13-20-602.

DATED this 20th day of August 2024.

10

NEWMAN | MCNULTY

*/s/ Andy McNulty*
Andy McNulty
Mari Newman
1490 N. Lafayette Street, Suite 304
Denver, Colorado 80218
(720) 850-5770
Andy@Newman-McNulty.com
Mari@Newman-McNulty.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all entered parties.

NEWMAN | MCNULTY

*s/ Andy McNulty*

Andy McNulty