**EXHIBIT 1**

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-CV-00997-SKC-KAS

The ESTATE OF DEZAREE NICOLE ARCHULETA,
by and through its Personal Representative Shell Romero, and
SHELLY ROMERO, individually

      Plaintiffs,

v.

WELLPATH, LLC;
H.I.G. CAPITAL, LLC
CHRISTINE MOHR, in her individual and official capacities,
EDWARD KEAVENY, in his individual and official capacities, and
MICHELLE WESOLOWSKI, in her individual and official capacities,

      Defendants.

## DECLARATION OF DANIEL P. STRUCK

I, DANIEL P. STRUCK, state the following based upon my personal knowledge:

1. I am an attorney licensed to practice law in the United States District Court for the District of Colorado and am counsel of record for Defendants, Mohr, Keaveny, and Wesolowski (collectively, the "Individual Wellpath Defendants"), and Wellpath, LLC (collectively "Wellpath Defendants") in the above-entitled matter. I make this Declaration in support of Defendants' *Ex Parte* Motion to Withdraw.

2. I am over the age of 18 years old and competent to testify to the matters set forth in this Declaration.

3. I am the founding partner and owner of the law firm Struck Love Acedo, PLC.

4. My firm and I have been representing Wellpath since late 2021.

5. In the months leading up to Wellpath filing for bankruptcy, Wellpath was unable to satisfy my firm's invoices for attorneys' fees and costs.

6. On November 11, 2024, Wellpath Holdings, Inc., and its subsidiaries and affiliated companies, commenced a bankruptcy action in the United States Bankruptcy Court for the Southern District of Texas by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

7. At the time Wellpath filed for bankruptcy, Wellpath owed my firm $398,714.57 in attorneys' fees and costs. That debt, however, was discharged in the bankruptcy proceeding, and my firm has not recouped any of it.

8. After Wellpath emerged from bankruptcy, my firm agreed to continue representing Wellpath and its current employees in numerous lawsuits pending in this Court, including in the instant matter.

9. On December 5, 2025, Wellpath informed several former employees who were named defendants in lawsuits that Wellpath would no longer be paying for their legal defense and that they would need to engage new counsel at their own expense.

10. Individual Wellpath Defendants are former employees, and because of that, Wellpath will no longer pay for their legal defense.

- 3 -

11.  I have ethical concerns about continuing to represent Wellpath while withdrawing as counsel for former employees. Moreover, I have concerns regarding the continued financial viability of Wellpath. As a result, my firm has made the decision to withdraw as counsel for all Defendants.

12.  Wellpath has retained attorneys from the law firm Gordon Rees Scully Mansukhani to substitute as counsel for it. (Dkt. 146.) Additionally, Individual Wellpath Defendants have retained attorneys to substitute as counsel for them.

I declare under penalty of perjury under the laws of the United States of America and the State of Colorado that the foregoing is true and correct.

Executed on February 26, 2026 in Chandler, Arizona.

_____
Daniel P. Struck